UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE RAYFIELD PAVLAT,

                Petitioner,           Case No. 2:25-cv-10821
                                             Honorable Linda V. Parker

v.

NOAH NAGY,

                Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, CERTIFICATE OF APPEALABILITY, AND LEAVE TO APPEAL IN FORMA PAUPERIS

Michigan prisoner Dale Rayfield Pavlat filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his no contest plea convictions in the Circuit Court for Chippewa County, Michigan, to kidnapping and fourth degree criminal sexual conduct in violation of Michigan Compiled Laws §§ 750.349 and 750.520e(1)(a), respectively. After careful review of the pleadings and state court record, the Court denies relief.

### I. Background

The charges against Petitioner arose after a thirteen-year-old nonverbal girl suffering from Down Syndrome and autism mistakenly walked into his apartment. The Michigan Court of Appeals summarized the facts as follows:

1

In April 2020, the victim left her house during the night and walked to defendant's apartment complex.  The victim was a 13-year-old, nonverbal child with Down syndrome and autism who sometimes used an iPad for basic communication.  While the victim did not know defendant, she was familiar with his apartment complex and regularly went with her mother to visit a family friend who lived in the apartment below defendant's—the family friend lived in Unit 503, and defendant lived in Unit 603.  The victim's mother testified that the victim did not know how to operate the buttons and doors outside or within the complex when they visited.  When visiting their friend, the victim would knock on his door and wait for him to open it for her.

Security footage from the complex showed the victim arriving at the complex, waiting to be let into the building, and eventually making her way to defendant's apartment.  While the victim waited by defendant's door, she removed her pants and "Pull-Up" but kept her shirt on.  The footage showed defendant's door open at 4:28 a.m. and the victim, unclothed from the waist down, walk into the studio apartment.  Defendant later left his apartment at approximately 8:40 a.m. to clean something off the floor in front of his apartment, walk the halls, and enter the sitting area in the foyer of his floor before returning to his apartment.  Defendant exited his apartment again around 9:45 a.m., walked to the sitting area on his floor, then walked back to his apartment.  Defendant contacted the police about finding the victim at approximately 10:30 a.m.  Defendant informed police that at 6:30 a.m. or 7:30 a.m., he saw on the news and in an alert on his phone that the victim had been reported missing, but he could not explain his three- to four-hour delay in telling authorities that he had located her.

Officers searched the defendant's apartment and found the victim's Pull-Up in a tied-up bag in a trash can in the closet. Defendant initially denied ever seeing the Pull-Up or putting it in the trash, but he later conceded that he might have picked it up and placed it in a bag.  He eventually said that he remembered placing a rag in a bag, tying up the bag, and putting it in the trash in the closet, but he emphasized that he thought it was a rag.

After defendant called the police, the victim was taken to the hospital. A DNA analysis of swabs from the victim's sexual assault examination provided "very strong support" that defendant's DNA was on the victim's right breast, though it was unclear whether the DNA was from saliva, skin cells, semen, or contact with another surface. The victim, being nonverbal, was unable to communicate what happened during the six hours she was in defendant's apartment.

*People v. Pavlat*, No. 362612, 2024 WL 3912276, at *1-2 (Mich. Ct. App. Aug. 22, 2024).

Petitioner was subsequently charged with kidnapping and fourth-degree criminal sexual conduct. After a preliminary examination where the above-described evidence was presented (ECF Nos. 10-2 and 10-3), Petitioner pled no contest to the charges pursuant to a plea agreement calling for a minimum sentence between 51 and 81 months and dismissal of a habitual felony offender sentencing enhancement(ECF No. 10-8, PageID.353).

At Petitioner's plea hearing, defense counsel indicated Petitioner would be pleading no contest instead of guilty because Petitioner did not remember exactly what happened due to the "great deal of drinking involved." (ECF No. 10-4 at PageID.274). To establish a factual basis defense counsel stated: "The Court can take account of the fact that defendant's DNA was found on the breast of the victim. The victim was speechless and unable to open the door and could not leave the apartment unless Mr. Pavlat assisted, which he did not, which would support

count one kidnapping charge. . . . And I ask that we rely on the [preliminary

examination transcript].” (*Id.* at PageID.274-75).

Petitioner, who had been placed under oath, confirmed that he wished to

plead no contest to the two charges. (*Id.*)  The court read the charges to Petitioner

and indicated the maximum penalties he faced by entering his plea.  (*Id.* at

PageID.276).  The court also indicated that there was an agreed sentencing

guideline range of 51 and 85 months.  (*Id.* a PageID.276-77.)  Petitioner indicated

his understanding.  (*Id.*)

The court then informed Petitioner of the trial and appellate rights he would

be waiving by entering his plea, and he agreed to waive them.  (*Id.* at PageID.277-

78.)  Petitioner denied that any promises or threats not disclosed on the record were

made to induce his plea.  (*Id.* at PageID.279.)  The court accepted Petitioner’s plea

and the contents of the preliminary examination as providing a sufficient factual

basis.  (*Id.* at PageID.279-80.)

The trial court subsequently sentenced Petitioner under the terms of the

agreement to 85 months to 30 years for the kidnapping conviction, and 16 months

to 2 years for the criminal sexual conduct conviction.  (ECF No. 10-6 at

PageID.310-11.)

Petitioner subsequently moved to withdraw his plea, asserting that an

insufficient factual basis was offered to support the kidnapping charge.  (ECF No.

4

10-7 at PageID.318-19.)  Petitioner asserted that there was insufficient evidence

presented at the preliminary examination to show that he confined the victim.

(*Id.*).  The trial court denied the motion, finding that the evidence presented at the

preliminary examination showed that Petitioner knew the victim had special needs

and could not communicate, knew that she was missing and the police were

searching for her, and that he nevertheless kept her in his apartment with the door

closed for a period of hours.  (*Id.* PageID.323-24.)

Petitioner filed an application for leave to appeal in the Michigan Court of

Appeals that raised one claim:

> Mr. Pavlat is entitled to withdraw his plea where the factual basis did
> not establish the required elements for either kidnapping or fourth-
> degree criminal sexual conduct.

(ECF No. 10-8, PageID.335.)  The Michigan Court of Appeals denied Petitioner's

application for leave to appeal, but the Michigan Supreme Court remanded the case

for the Court of Appeals to consider the claim on the merits.  *People v. Pavlat*, 995

N.W.2d 132 (Mich. 2023) (Table).

On remand, the Court of Appeals rejected the claim in an unpublished

opinion.  *Pavlat*, No. 362612, 2024 WL 3912276 (Mich. Ct. App. Aug. 22, 2024).

Petitioner through counsel raised the same claim in the Michigan Supreme Court,

but his application for leave to appeal was denied "for lack of merit in the grounds

presented."  *People v. Pavlat*, 15 N.W.3d 584 (Mich. 2025) (Table).

## II. Standard of Review

28 U.S.C. § 2254(d)(1) limits review of constitutional claims raised in a federal habeas action where the claims were adjudicated on the merits by the state courts.  Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'"  *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413).

## III. Discussion

The Court interprets the petition as attempting to raise the same claim Petitioner exhausted on direct appeal, though he claims he does not know what

claim was presented to the state courts.  (ECF No. 1 at PageID.6-8.)  On direct appeal, Petitioner asserted that the trial court erred in failing to allow him to withdraw his no contest plea because there was an insufficient factual basis offered for either offense.  Petitioner attempted to raise the claim in the state courts under the Fourteenth Amendment by asserting "[d]ue process forbids a trial court from accepting a no contest plea without a sufficient finding of guilt.  US Const Am XIV...." (ECF No. 10-8 at PageID.34.4)

Despite his passing reference to the Fourteenth Amendment, Petitioner's claim that an insufficient factual basis was offered to support his no contest plea is not cognizable on federal habeas review.  "[A] federal court may issue the writ to a state prisoner 'only on the ground that he [or she] is in custody in violation of the Constitution or laws or treaties of the United States.'"  *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

Contrary to Petitioner's assertion, there is no federal constitutional requirement that a factual basis be established to support a guilty plea.  *See Watkins v. Lafler*, 517 F. App'x 488, 500 (6th Cir. 2013).  While Michigan Court Rule 6.302(D)(1) requires that a factual basis be elicited from a defendant prior to accepting a guilty or no-contest plea, the failure of a Michigan trial court to comply with this rule does not establish a basis for habeas relief.  *Id*.  "[T]he requirement

7

that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes." *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir.1995). Petitioner's claim is therefore not cognizable on federal habeas review. *See also Sweet v. Howes*, No. 16-2247, 2017 WL 2385274, at *4 (6th Cir. June 1, 2017) (denying certificate of appealability for claim challenging factual basis for guilty plea because "this claim fails to state a claim for federal habeas relief") (citing *Bonior v. Conerly*, 416 F. App'x 475, 477-78 (6th Cir. 2010); *Watkins*, 517 F. App'x at 500).

The Court notes that after reviewing the evidence presented at the preliminary examination, the Michigan Court of Appeals nevertheless reasonably concluded that a sufficient factual basis was presented to support Petitioner's plea:

> On the basis of this evidence, a trier of fact could reasonably conclude that the victim mistakenly entered defendant's apartment believing that it belonged to a family friend; defendant quickly discovered that the victim was nonverbal and had special needs; defendant sexually assaulted the victim as evidenced by his DNA on her breast; after finding out that that the victim was a missing child, defendant left her in his apartment to check the hallway, apparently picking something off the floor; defendant lied to police about placing the victim's Pull-Up in a tied-up bag in a trash can in a closet; defendant inexplicably waited between three and four hours to report that he found the victim after he discovered she was reported missing; the victim did not have the ability to leave defendant's apartment without assistance; the victim could not consent to defendant restricting or confining her in his apartment; and defendant did not have the legal authority to restrict or confine the victim in his apartment. From these conclusions, a factfinder could reasonably infer that defendant knowingly restrained

the victim by restricting her movements or confining her inside his apartment without consent or authority and with the intent to engage in criminal sexual contact.

*Pavlat*, 2024 WL 3912276, at *3-4.

Accordingly, the Court is denying Petitioner's application for the writ of habeas corpus because the only claim he exhausted in the state courts is not cognizable on federal habeas review, and it was otherwise reasonably rejected by the state court.

## IV. Conclusion

Before Petitioner may appeal this decision, the Court must determine whether to issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To satisfy § 2253(c)(2), Petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).  The Court finds that reasonable jurists would not debate the resolution of any of Petitioner's claims.  The Court will therefore deny a certificate of appealability.

The Court also denies Petitioner leave to proceed in forma pauperis on appeal because any denial would be frivolous.

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**, and a certificate of appealability and leave to proceed on appeal in forma pauperis are **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 14, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 14, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager